ITHE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| Suzanne Eser, ) | U.S. District Court |
|     Appellant ) | Case No. 1:25-cv-10505-JEK |
| v. ) | Judge Julia E. Kobick |
| Donald Lassman, Bankruptcy court employee, ) | |
| Massachusetts Institute of Technology ) | |
| Federal Credit Union, Debt collector ) | |
|     Appellee ) | |

_____

**VERIFIED EMERGENCY MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS OR TO ALLOW SHORT EXTENSION FOR PAYMENT OF FILING FEE TO BE MADE BETWEEN APRIL 27, 2025 AND MAY 2, 2025**

Now comes the Appellant, Suzanne Eser, ("Eser") with Emergency Verified Motion for Permission to Appeal in Forma Pauperis to waive the filing fee for appeal, and the fee for audiotapes and transcripts of the lower court's proceedings in the above-captioned case if determined necessary ; appealing the bankruptcy court order dated February 19, 2025, which approved the Trustee's Motion for Settlement Agreement and Compromise, as the Appellant is indigent and brings this appeal in good faith.

Further, if this Court does not allow the fees to be waived, the Appellant respectfully requests that this Court allow her to pay the filing fee on April 27, 2025, dependent on if she is allowed to pay online through CM/ECF at Pay.Gov or by May 2, 2025 to allow her mailing the fee. Eser has a fixed and only income from monthly social security, that she receives on the 27th of each month that is normally allocated to rent and food without anything left over. The Appellant, lives alone, has no savings and she is disabled from a spinal injury and

has nerve damage, without a wheelchair or car, making it extremely difficult to access the post office.

## FACTUAL BACKGROUND

1. The Appellant filed Notice of Appeal with Motion to file in Forma Pauperis and ADA Accommodation supported by doctor's letter on March 3, 2025 to the bankruptcy court, designating the District Court for this appeal.

2. The Appellant received notice from the bankruptcy court on April 11, 2025 denying her motion to file in Forma Pauperis and notice of an appeal filing fee of $298.00 due on April 21, 2025.

## ARGUMENT

3. First, to address the bankruptcy court's misconception of what has occurred on this subject matter in any other courts for litigation, that was used as the basis to deny to waive the appeal filing fee by the bankruptcy court that stated in denial, **"the matter has been the subject of extensive litigation by the Debtor in state court prior to this bankruptcy case, including multiple appeals"**. Nothing has been adjudicated on this subject matter and heard in a trail or evidenciary hearing by both parties in any court. Absolutely nothing. There is no basis for Res Judicata to be used to deny Eser the right to appeal in forma pauperis. The following details give a background of what each court's subject matter is and what litigation took place in reference to Res Judicata:

a. **Superior Court, Lawrence**:

Eser has not been heard in Lawrence Superior Court yet in an evidenciary hearing nor a trial. There is a case pending brought by the foreclosing party of her home, by Massachusetts Institute of Technology Federal Credit Union, ("the Credit Union") which was not brought by the Appellant and not brought until over a year after they were required by state statue to resolve the issue of their illegally withholding proceeds and withholding accounting for over a purported $180, 691.76.00 from foreclosure sale but this amount cannot be confirmed by Eser, as she never received a detailed accounting with proof as required by MGL Chap. 183 §27. This non-judicial foreclosure sale of Eser's home, where assets were illegally kept by the Credit Union for over a year and now, almost two years later they wish to be found not liable of this serious violation and also be additionally compensated for it by creating a settlement with the bankruptcy court appointed employee, as a trustee, Donald Lassman. Upon 60 days after purported auction, on April 14, 2023, the Credit Union was required to notify and send the surplus funds of the purported auction sale and a detailed accounting of said sale within 60 days to the Appellant under statue

MGL Chap. 183 §27, which would have been by July 14, 2023, which the Credit Union has not done to this day.

**MGL Chap. 183 §27:**
Section 27. "*The holder of a mortgage of real estate, or his representatives, out of the money arising from a sale under the power of sale shall be entitled to retain all sums then secured by the mortgage, whether then or thereafter payable, including all costs, charges or expenses incurred or sustained by him or them by reason of any default in the performance or observance of the condition of the mortgage or of any prior mortgage, rendering the surplus, if any, to the mortgagor, or his heirs, successors or assigns, unless otherwise stated in the mortgage. No person other than*

*the holder of the mortgage shall be bound to see to the application of the money arising from such sale.*

***The holder of a mortgage of real estate, or the holder's representatives, shall provide to the mortgagor or the mortgagor's heirs, successors or assigns a written notice containing an itemized accounting of the disposition of the proceeds arising from a sale under the power of sale including, but not limited to, the sale price, legal fees, auctioneer fees, publication costs and other fees, and any surplus due to the mortgagor, within 60 days after the receipt of such funds provided, that if such sale is subject to further legal proceedings, such accounting shall be stayed until the conclusion of such proceedings."(bold added)***

Eser argues that the Lassman with the approval of the bankruptcy court is undermining the estate interest in obtaining the highest proceeds by planning this settlement to agree to file for dismissing the Superior Court case regarding the foreclosure, instead of facilitating the hearing and adjudication of her claims. Lassman is prematurely attempting this agreement with the Credit Union to take proceeds from an evidently illegal "null and void" foreclosure auction, thereby harming the value of her estate. Even by the Credit Union's estimated value of the house sale of $563,000.00, the credit Uniondebt of $382,266.94 and the surplus they claim to give the estate of 180,691.76. In contrast where the facts show fatal flaws in the foreclosure by sale process, the estate based upon these estimates would have the home value of $563,000.00; therefore, the Trustee's attempted agreement denies the estate at least an estimated $382,266.94.

While there are numerous violations of statutory requirements which require at least "strict compliance", the due process omission of whole sections of the Massachusetts foreclosure by sale statutory scheme render the foreclosure void by operation of law.

The "person selling" omitted two complete sections required for a foreclosure by sale by statute: M.G.L. c. 244, §§ 12 & 13:

Section 12 requires the seller to report all their "doings" under oath which may "knowingly or recklessly facilitate" an illegal foreclosure to the applicable Superior Court within 10 days after the sale.

**Section 12. "Procedure after sale. The person selling shall, within ten days after the sale, file in the clerk's office a report on oath of the sale and of his doings, and the court may confirm the sale or set it aside and order a re-sale. Any person interested may appear or be summoned, and the order of the court confirming the sale shall be conclusive evidence against all persons that the power of sale was duly executed."**

Section 13 requires notifying all interested parties before a sale is confirmed or ordered for re-sale – that explicitly includes the owner of the right to redeem their title – namely Eser in this case.

**Section 13. "Necessary parties. Unless the defendant is seized in fee simple in possession of the whole equity of redemption of the land demanded, an order for a sale shall not be made until all parties interested in the equity of redemption and whose estate or interest therein would be affected by such sale have been summoned to appear. "**

There are additional due process violation, just as serious, the Credit Union ignored under their non-judicial "Power of Sale" foreclosure action, which is required to be performed under "strict statutory compliance" as stated in the following cases.

- *Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226 (2015) A lender's failure to strictly comply with the notice of default provided in the mortgage renders the foreclosure sale void."*
- *U.S. Bank v. Ibanez, 458 Mass. 637, 646 (2011). "Massachusetts requires strict compliance with the requirements for a nonjudicial foreclosure."*

> *"If a foreclosure sale does not comply with statutory requirements, it is 'wholly void.'"*

- *U.S. Bank National Association v. Ibanez*

*U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011)*

*To effect a valid foreclosure sale, the lender must strictly comply not only with the terms of the actual power of sale in the mortgage, but also with any pre-foreclosure conditions that are required before exercising the power of sale. A lender's failure to strictly comply with the notice of default provided in the mortgage renders the foreclosure sale void."*
*Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226 (2015)*

> *"Massachusetts requires strict compliance with the requirements for a nonjudicial foreclosure. U.S. Bank v. Ibanez, 458 Mass. 637, 646 (2011). If a foreclosure sale does not comply with statutory requirements, it is 'wholly void.'"*
> *U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011)*

> *"The court ruled that foreclosing lenders must strictly follow the statutory requirements when conducting a foreclosure under a non-judicial 'power of sale' in Massachusetts, and that failure to document assignments of the mortgage from the originating lender to the foreclosing lender will void the entire foreclosure."*
> *U.S. Bank National Association v. Ibanez*

The Credit Union did not follow strict compliance, and in many cases including the above statues, no compliance was adhered to. Eser was never notified after the sale of who her home was purported to be even be sold to, as the Credit Union never complied. Not allowing proper adjudication that should have taken place over a year ago by the foreclosing party bringing a report in court, allowing Eser to be summoned and give her defense to be heard on all claims against them in an evidenciary hearing or trial, as required by MGL Chap. 244 Ss12 & 13 statute but the Credit Union did not do so.

Instead the Credit Union and the bankruptcy employee, Lassman, wrote a compromising settlement during Christmas vacation, before any evidenciary hearing or trial took place in Lawrence Superior Court; which circumvents any liability to the

Credit Union. In essence it wipes away the multitude of serious violations of law perpetrated against Eser's estate, costing the estate to lose hundreds of thousands of dollars.

In fact, the settlement instead has the estate paying the Credit Union generously for it illegal actions in their foreclosure, even paying thousands of dollars in additional attorneys fees just to write the settlement and also attorneys fees post settlement; instead of holding them accountable for their illegal acts and the estate additionally receiving a monetary compensation for damages, statutory violations and compensation for attorneys fees for both parties, thereby protecting and saving the assets in the estate. The responsibility of the bankruptcy and it's trustee is to protect the estate and its assets.

This is a breach of fiduciary duty and misconduct under 11 U.S.C. Ss 704 and 1106, a trustee must act in the best interest of the estate.

The Credit Union has violated too many laws to review each in this motion but they will be addressed in the Appellant's appeal brief.

**b. Northeast Housing Court, Salem:**

The bankruptcy court is mistaken, housing courts have no jurisdiction to hear or adjudicate on this subject matter concerning title and did not have an evidenciary hearing nor a trial on the subject matter in this appeal. The housing court case was brought for possession by none of the parties in this appeal, nor was it brought by the Appellant as the bankruptcy court stated. Additionally, it was not

brought on the subject matter of title. In actuality, the only trial that occurred in the last three years was for possession, in this case in housing court. In which a trial for possession was erroneously allowed to go forward with only one present. The party missing was the defendant, Suzanne Eser, as she was just released from the hospital, seriously injured and disabled from a spinal injury 3 days prior and could not function, walk, sit or stand without severe pain, even while on pain medication. On August 29, 2023 she immediately called the housing court letting them know she just had an accident the evening of the 28th and filed her motion for continuance of that trial for "Possession" days before the September 1, 2023 trial. The court went forward anyway without her and filed a default judgment for her not being present.

Therefore the bankruptcy court is mistaken, there has been no adjudication on title by a trial on this subject matter. The housing court cannot even address that issue legally, as again, they have no jurisdiction to do so.

**c. Appeals Court from Northeast Housing Court, Salem:**

Eser's prior two appeals are from the aforementioned housing court case, which addresses the default judgment for possession and order for use and occupancy for possession (from the above case brought by another party for possession of her home). Both appeals are in defense of subject for possession. Again, the housing court cannot litigate on title. Neither appeals were denied as claimed by the bankruptcy court.

Both appeals were found by the Appeals Court and the State Housing Court to be done in good faith, with meritorious, color-able claim and were allowed to go forward under forma pauperis as the courts determined Eser to be indigent with non-frivolous claims concerning possession. They have yet to be heard and motion is being filed for an enlargement of time.

4. Just as in her foregoing appeals in housing court on possession, the Appellant has filed this appeal in good faith, with a non-frivolous, color-able claim that is valid, with a substantial question of law and has a basis to prevail and can be granted relief by this Court. As Eser has a meritorious defense of claim of deprivation of her legal rights that are being denied.

> a. This appeal is a non-frivolous claim that the bankruptcy court's order allows by it's settlement agreement, it's employee, Lassman, who created it, to cause a loss, denying the estate of at least $382,266.94. By the Credit Union's estimated value of Eser's house sale of $563,000.00, the debt the Credit Union estimates of $382,266.94 and the surplus they claim to give the estate of $180,691.76. In contrast where the facts show fatal flaws in foreclosure by sale process, the estate based upon these estimates would have the home value of $563,000.00, therefore, Lassman's attempted settlement agreement denies the estate at least an estimated $382,266.94.

Additionally, By Lassman writing a compromising settlement agreement and the bankruptcy court approving it (the subject of this appeal), without first allowing the pending case in Superior Court to be heard on Eser and her claims and adjudicate by trial on whether the violations of law by the Credit Union, that were perpetrated prior to, during and post foreclosure sale, invalidates the title making it "wholly null and void"; or allows a monetary award for damages for serious, multiple due process violations, statutory penalties and attorneys fees to be paid to bankruptcy court by the Credit Union and additionally, to waived their exorbenint fees,

Lastly, is the financial loss to the estate caused by the bankruptcy court's trustee, Lassman's fees and engaged agent's fees, who as an attorney, hired his own additional attorney, who are hiring accountants and those accountant's are to bill book keepers and additional multiple staff. When all is said and done, the bankruptcy court has now allowed it's employee, Lassman, to mishandle the estate assets to illicit self-gain from exorbitant fees from over 4 parties, that would not even exist, nor the expense been created except for his writing a settlement that illegally favors the opposing attorney and the Credit Union who violated the law, and the employee of the bankruptcy court and his multiple agents hired by him.

All fees that create an exorbitant loss of thousands of dollars for the estate that is completely avoidable by the Superior Court case going forward, as Eser is Pro Se and costs nothing to be heard.

The case law below supports that a trustee can be liable for breaching fiduciary duty.

*Mosser v. Darrow*, 341 U.S. 267 (1951) (trustee can be personally liable for breaching duty).
1. *In re Gorski*, 766 F.3d 373 (3d Cir. 2014) (trustee must act in estate's best interest).

1. *In re Haugen Const. Serv., Inc.*, 104 B.R. 233 (Bankr. D.N.D. 1989) (trustee liable for mismanaging assets).

   The Appellant has a right to defend her estate, her livelihood from that estate, her financial future, her retirement, from the only home she built and worked 26 years for, and is pursuing justice denied her. That is exactly why the state legislature created MGL Chap. 244 s12 & s13, to make sure that non-judicial cloaked foreclosures are brought to witness and are "duly executed" and those parties "whose estate or interest therein" "would be summoned to appear" to protect those interests. But again, the Credit Union did not allow that to happen and denied Eser has litigate on this subject matter in a trial. Therefore the bankruptcy court's denial of waiving the appeal filing fee in forma pauperis per Reas Judicata does not apply.

5. Finally, under 28 U.S. Code Section 1915 (a) (3): the bankruptcy court's opinion is that this appeal is not in good faith and therefor can deny Eser the waiver of the filing fee. The misappropriation and loss of use of hundreds of thousands of dollars in funds denied the Appellant and her estate for over a year, while she struggled disabled and homeless by indigency caused by losing her home that was also her source of income for 26 years. Now the bankruptcy court

employee is attempting to lose hundreds of thousands of dollars of her estate per this settlement, constitutes an intentional and deliberate violation of his duties to the estate and is a gross negligent breach of fiduciary duty and misconduct.

Therefore, this appeal is a colorful claim and meritorious that is non-frivolous and must be addressed to prevent it happening again in cloaked, non-judicial Power of Sale foreclosures, that are not brought unsupervised and not witnessed in a court of law and not protected by the statues put in place that are suppose to protect us, that govern those foreclosures. The Appellant is whole bringing this appeal in good faith as it is the first time she will be heard by a court that has jurisdiction to hear this subject matter.

6. Finally, the bankruptcy court's finding of giving a stay relief to a debt collector, Vitavera Realty LLC, was not founded on evidence from an evidenciary hearing or trial, where both parties were allowed to give evidence in a court with legal jurisdiction. The default judgement was based on one party, the creditor, being alone in the court, who is actually is not even a creditor of Eser as there was and is no relationship of debt; but merely seeking possession. Eser was wrongly given a default judgment from a severe life changing accident days before a trial for possession that did not allow her to be present in court. Possession was brought in a housing court that has no jurisdiction to determine who has legal title and by law cannot. This is what the bankruptcy court mistakenly based it's relief of stay on, a

default judgment given to Eser from being in an accident, that so damaged her spine, she is now disabled. The default judgment was not based on adjudication of title or even possession as Eser wasn't even present.

## **CONCLUSION**

In conclusion ,the Appellant has a meritorious and color-able claim for appeal with a substantial question of violation of law to be addressed by this Court, that relief can be granted, brought in good faith by the Appellant to seek justice in her rights of protection of her estate and it's assets, that have so far been denied her.

Though if this Court finds to not waive the filing fee by forma pauperis, the Appellant respectfully requests a short extension of time to pay the fee as she received the bankruptcy court's notice on April 11, 2025 by mail, that the appeal fee would be due April 21, 2025. This does not allow enough time for Eser, that is indigent to save enough money in 10 days that is normally spent on food; that prior fees have been waived in state courts because of her limited income and meritorious claim. The Appellant has been found to be indigent under the federal and state standards of indigency and given leave to waive her filing fees in Massachusetts Housing Court, Massachusetts District Court and in Massachusetts Appeals Court.

Additionally, the Appellant is disabled from a spinal injury and nerve damage and cannot walk without severe pain; and because of her current indigency is without the ability to afford a wheelchair,

owns no car, has no transportation; and is homeless staying in a rooming house that is under a pending eviction, after herself being illegally evicted from her own home after 26 years of ownership.

Therefore, she respectfully motions this Court for a short extension to May 2, 2025 to pay the filing fee after she receives her social security on April 27, as she will have to obtain help to access the post office to get a money order and mail the fee to the District Court; unless she may be allowed to pay the fee online through CM/ECF Pay.Gov on April 27, 2025.

(As a caveat, the Appellant dropped her phone as she was filing this on April 21, 2025 and it shattered and due to that technical difficulty was unable to use it to complete the filing of this motion last night, as she does not own a computer and had to wait to borrow a phone to file these documents today. (please see attached photo of her phone).

Signed under the pains and penalty of perjury to the best of my knowledge on this 21st day of April, 2025.

Respectfully submitted,

By: */s/suzanne eser*
Suzanne Eser, Pro Se Appellant
Temporary Mailing Address:
21 Broad Street
Merrimac MA 01860
Tel: 802-829-0773
workemailonly@mail.com

Dated: April 21, 2025

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished on this 22st day of April, 2025 because of technical difficulties created by her phone cracking and breaking during filing, by email to:

Donald Lassman, Trustee
Law Offices of Donald Lassman
P. O. Box 920385
Needham, MA 02492
Don@Lassmanlaw.com

Adam Ruttenberg, Esq.
Beacon Law Group LLC
935 Great Plain Avenue, #116
Needham, MA 02492
aruttenberg@beaconlawgroup.com

Phil Taylor
Taylor Law Office
2 Main Street, Suite 325
Stoneham, MA 02180
ptaylor@taylorlawoffice.com

Chris Thornton
172 Main Street
P.O. Box 701
Rowley, MA 01969
thorntonlawoffice@comcast.net
chris@thorntonlawnorthshore.com

Robert Tenney
Cunningham, Machanic, Cetlin
Johnson, Harney & Tenny LLP
220 North Main Street, Suite 301
Natick, MA 01760
rtenny@cmlaw.net

by: */s/suzanne eser*
Suzanne Eser, Pro Se Apellant
Temporary Mailing Address:
21 Broad Street
Merrimac MA 01860
(802) 829-0773
workemailonly@mail.com

Dated: April 22, 2025