UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 7 |
| SUZANNE ESER, | ) | Case No. 24-10976-JEB |
| | ) | (Bankruptcy Court) |
| Debtor. | ) | |
| | ) | |
| SUZANNE ESER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| DONALD LASSMAN, Chapter 7 Trustee, | ) | 1:25-cv-10505-JEK |
| and MASSACHUSETTS INSTITUTE OF | ) | (District Court) |
| TECHNOLOGY FEDERAL CREDIT | ) | |
| UNION, | ) | |
| | ) | |
| Appellees. | ) | |

## OPPOSITION TO VERIFIED EMERGENCY MOTION
## FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

Suzanne Eser (the "Debtor"), the appellant herein from an order of the United States

Bankruptcy Court approving a compromise between appellee Donald Lassman, Chapter 7

Trustee of the Debtor, (the "Trustee") and appellee Massachusetts Institute of Technology

Federal Credit Union, has moved this Court for permission to appeal *in forma pauperis*.  Because

the Bankruptcy Court has certified that the Debtor's appeal is frivolous, the Trustee hereby files

this opposition to the Debtor's motion.

1

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915.  But that statute specifically provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Here the Bankruptcy Court, as the trial court below, has entered precisely this written certification.  *See* Order (Bankruptcy Court Docket No. 174 dated April 4, 2025) attached hereto as Exhibit "A" ("the Court finds that the appeal is not taken in good faith").  "An appeal may not be taken *in forma pauperis* if the Bankruptcy Court certifies in writing that it is not taken in good faith." *Valente v. Donohue*, No. 04 C 50272, 2004 U.S. Dist. LEXIS 11789 (N.D. Ill. June 25, 2004).

WHEREFORE, the Trustee respectfully requests that this Court (a) deny the Debtor's motion for permission to appeal *in forma pauperis*, and (b) grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

DONALD LASSMAN,
   CHAPTER 7 TRUSTEE,

By his attorneys,


 /s/ Adam J. Ruttenberg
Adam J. Ruttenberg, BBO 553158
BEACON LAW GROUP, LLC
935 Great Plain Avenue, #116
Needham, MA  02492
(617) 235-8600
aruttenberg@beaconlawgroup.com

Dated:  April 23, 2025



UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

SUZANNE ESER,

              Debtor

Chapter 7
Case No. 24-10976-JEB

**Order**

**MATTER:**
#155 Verified Motion filed by Debtor Suzanne Eser for Permission to Appeal in Forma Pauperis
Re: [154] Notice of Appeal and Statement of Election filed by Debtor Suzanne Eser

For the reasons more fully set forth below, the Motion is denied. By the Motion, the Debtor
requests (1) permission to appeal in forma pauperis and to waive the fees and costs for the appeal
and appeal bond, and (2) to waive the fees and costs of the audio and transcript of the hearing
held on February 18, 2025 (the "February 18 Hearing"), at which the Court approved the Chapter
7 Trustee's motion to approve a settlement with Massachusetts Institute of Technology Federal
Credit Union a/k/a MIT Federal Credit Union.

First, the Debtor's request to appeal in forma pauperis is denied because the Court finds that the
appeal is not taken in good faith. Pursuant to 28 U.S.C. § 1915(a), the Court may authorize an
individual to file an appeal in forma pauperis if the requisite financial showing is made. But as
provided under Section 1915(a)(3), an appeal may not be taken in forma pauperis if the Court
finds that the appeal is not taken in good faith.

Having reviewed the Affidavit filed by the Debtor, the Court finds that the Debtor has made a
showing of inability to pay the filing fees. However, the Court finds that the appeal is not taken
in good faith since there is no colorable or nonfrivolous basis for the appeal. All of the issues the
Debtor identifies in the Statement of Issues on Appeal filed on March 20, 2025, turn on whether
the underlying foreclosure sale was void. As set forth in the Court's Order dated July 31, 2024,
denying the Debtor's motion for permission to appeal in forma pauperis this Court's order
granting stay relief to the secured creditor, the matter has been the subject of extensive litigation
by the Debtor in state court prior to this bankruptcy case, including multiple appeals. To the
extent the appeals have been concluded and the orders are final, the claims of the Debtor are
barred by res judicata. The Court lacks subject matter jurisdiction to review the state court
decisions under the *Rooker-Feldman* doctrine. *See Klimowicz v. Deutsche Bank Nat'l Tr. Co.*,

907 F.3d 61,64-65 (1st Cir. 2018). Additionally, to the extent the Debtor's issues assert this Court closed or dismissed a state court case, this Court does not have jurisdiction to close or dismiss a state court case. As a result, there is no basis on which the Debtor can prevail on appeal.

Second, the Debtor's request to waive the fees and costs of the audio and transcript of the February 18 Hearing is denied. "[C]ourts generally lack discretion to waive the cost of obtaining a transcript because court reporters must be paid for their transcription services." *In re McCarthy,* No. 9:17-BK-06512-FMD, 2020 WL 5743113, at *l (Bankr. M.D. Fla. June 8, 2020). Section 1915(a) of Title 28 does not address transcript fee waivers, nor does Section 1930(f), which permits the Court to waive certain filing fees for debtors. *See* 28 U.S.C. § 1915(a); 28 U.S.C. § 1930(f). Under Section 753(f) of Title 28, fees for transcripts furnished to persons permitted to appeal in forma pauperis may be paid by the United States if the judge certifies that the appeal is "not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Courts have also found that the statute requires that the transcript must be necessary to resolve the question on appeal. *See Lech* v. *Von Goeler,* No. CV 17-30024-KAR, 2022 WL 4084223, at* 1 (D. Mass. Sept. 6, 2022).

For the reasons set forth above, this Court cannot certify that the appeal is not frivolous. Nor does the Court find that the Debtor's appeal presents a "substantial question" or that the transcript of the February 18 Hearing is necessary to resolve the questions on appeal. Accordingly, the Debtor's request to waive the costs of the transcript of the February 18 Hearing is denied.

Dated: April 4, 2025                                    By the Court,


                                                       *Janet E. Bostwick*


                                                       Janet E. Bostwick
                                                       United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

It is certified that the foregoing document was filed this 23rd day of April, 2025 through the ECF filing system and will be sent electronically to registered participants.

It is further certified that on April 23, 2025, a true copy of the foregoing document was sent by first class mail, postage prepaid, to Suzanne Eser, c/o 21 Broad Street, Merrimac, MA 01860.

 /s/ Adam J. Ruttenberg
Adam J. Ruttenberg

3