UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>SUZANNE ESER,<br><br>      Debtor.<br><br>_____<br><br>SUZANNE ESER,<br><br>      Appellant,<br><br>v.<br><br>DONALD LASSMAN, Chapter 7<br>   Trustee, and MASSACHUSETTS<br>   INSTITUTE OF TECHNOLOGY<br>   FEDERAL CREDIT UNION,<br><br>      Appellees. | Chapter 7<br>Case No. 24-10976-JEB<br>(Bankruptcy Court)<br><br><br><br><br><br><br><br><br>Case No.<br>1:25-cv-10505-JEK<br>(District Court) |

## **MOTION TO DISMISS APPEAL**

Appellee Donald Lassman, Chapter 7 Trustee (the "Trustee") of the debtor appellant Suzanne Eser (the "Debtor"), hereby moves, pursuant to Fed. R. Bankr. P. 8013 and 8018(a)(4) and L.R. 203.8013(c) and 203.8018(a), to dismiss this appeal, because the Debtor has not filed her opening brief and the deadline for

1

doing so has passed despite two extensions. In further support of his motion, the Trustee states as follows:

1. This is an appeal from the Bankruptcy Court's order entered February 19, 2025 approving a Settlement Agreement between the Trustee and appellee Massachusetts Institute of Technology Federal Credit Union.

2. On April 4, 2025, the Bankruptcy Court entered an Order (Bankruptcy Court Docket No. 174 dated April 4, 2025) stating in part, "the Court finds that the appeal is not taken in good faith."

3. On May 30, 2025, this Court entered a Scheduling Order providing, "Appellant Brief due by 6/20/2025. Appellee Brief due by 7/11/2025. Appellant Reply Brief due by 7/25/2025."

4. By Order dated June 23, 2025, this Court granted the Debtor's motion for an extension of time to file her opening brief to June 27, 2025.

5. By Order dated June 30, 2025, this Court granted the Debtor's motion to file a late brief and appendices on June 30, 2025.

6. Despite receiving two extensions, the Debtor has not filed her opening brief.

7. Pursuant to Fed. R. Bankr. P. 8018(a)(4), "If an appellant fails to file a brief on time or within an extended time . . . the district court . . . may—on its own after notice or on the appellee's motion—dismiss the appeal." L.R. 203.8018(a)

provides, "If the District Court clerk does not timely receive appellant's brief, the clerk shall forthwith provide the district judge to whom the appeal is assigned with a proposed order for dismissal of the appeal." In addition, however, L.R. 203.8013(c) (and Fed. R. Bankr. P. 8013) permits an appellee to file a motion to dismiss an appeal and provide for such motion to be determined by this Court.

8. "The Court's time and resources are finite, and where a party disregards court-ordered scheduling orders, dismissal is an appropriate sanction." *In re Fitzhugh*, Civil Action No. 22-10904-FDS, 2023 U.S. Dist. LEXIS 31710 (D. Mass. February 27, 2023). Dismissal is especially appropriate where, as here, the Bankruptcy Court has found that the appeal is not taken in good faith.[1]

WHEREFORE, the Trustee respectfully requests that this Court:

1. Dismiss this appeal, and

---

[1] If this Court does not dismiss this appeal, then the Trustee will need relief from the requirement in the Court's Scheduling Order that his brief is due July 11, 2025. Such deadline fit well with the undersigned counsel's planned vacation (he will be out of the country from July 19, 2025 through July 30, 2025), and if this Court chooses at this time or later to provide any further scheduling, the undersigned counsel requests that this absence be taken into account.

2. Grant such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        DONALD LASSMAN,
          CHAPTER 7 TRUSTEE,

        By his attorneys,

        /s/ Adam J. Ruttenberg
        Adam J. Ruttenberg, BBO 553158
        BEACON LAW GROUP, LLC
        935 Great Plain Avenue, #116
        Needham, MA  02492
        (617) 235-8600
        aruttenberg@beaconlawgroup.com

Dated:  July 9, 2025

## CERTIFICATE OF SERVICE

It is certified that the foregoing document was filed this 9th day of July, 2025 through the ECF filing system and will be sent electronically to registered participants, which include all parties to this appeal.

        /s/ Adam J. Ruttenberg
        Adam J. Ruttenberg