# No. 25-cv-10505

_____

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

Donald Lassman, Trustee, U. S. Bankruptcy Court,
Massachusetts Institute of Technology Credit Union
*Appellees*

*v.*

Suzanne Eser,
*Appeallant.*

_____

On Appeal From
The United States Bankruptcy Court
District Of Massachusetts
No. 24-10976

_____

## BRIEF OF THE APPELLANT
_____

Suzanne Eser, Pro Se
c/o 21 Broad Street
Merrimac, MA 01860
workemailonly@mail.com
802-829-0773

July 25, 2025

# TABLE OF CONTENTS

Certificate of Interested Parties......................................................3, 4

Statement Regarding Oral Argument..............................................

Table Of Authorities.........................................................................

Jurisdictional Statement...................................................................

Statement of Case............................................................................

Statement of the Issues Presented...................................................

Statement of Facts............................................................................

Summary of the Argument...............................................................

Argument..........................................................................................

**1.** Did the Judge err by not enforcing the Massachusetts Law of Real Property Law for Transactions, the "Foreclosure By Sale Scheme" that makes the foreclosure invalid?.....................

A. Did the Judge err approving a settlement agreement, igoring serious due process violations of statutory requirements, which require minimally "strict compliance" and due process omissions of whole sections of the Massachusetts Foreclosure By Sale statutory scheme, that render the foreclosure "wholly null and void" by operation of law; make it as if the title transfer never existed, nor legally occurred and the Property would still be considered part of Eser's bankruptcy estate, making any proceeds from an invalid sale not recognized as legitimate assets, that could be subject to Rule 9019 settlement by the bankruptcy court?..........................................

B. Did the Judge err by approving a settlement agreement with the Creditor, prior to a trial or evidentiary hearing to proceed first, in the pending

Superior Court interpleader case, to ajudicate on the validity of title and transfer thereof, the judge is allowing the proceeds to be taken from?

2. Did the Judge err by relying on a housing court Summary Process Default Judgement, to determine her finding that a valid title transferred legally, determined by a court with subject matter jurisdiction and therefore, approving a settlement of auction proceeds with the seller?.............

A. Did the Judge err given that housing court has not been found by the Massachusetts Supreme Judicial Court to have jurisdiction to notify all potentially interested title holders to hold a full adjudication as to a controversy of title?...........................................................................

B. Did the Judge err given that property law is the province of the state law, and the Massachusetts Supreme Judicial Court has ruled that the only authority a housing court has is to recognize that title never left the homeowner given an invalid and void foreclosure?...................................

C.. Did the Judge err in her findings of res judicata negating this appeal was and that it was not taken in good faith to deny the Appellant's right to be heard in a trial on title to take place before a settlement being approved; and denying the Appellant's waiver of appeal filing fees under forma pauperis for lack of appealing in good faith?

  D. Did the Judge err in her findings that res judicata is relevant against this appeal in her presuming that the housing court had determined legal title and has legal subject matter jurisdiction to ajudicate on title; and the if the Appellant was even present at the trial for "possession"?

  E.. Did the judge err in her finding that res judicata is relevant against this appeal in her presuming that two housing court appeals subject matter is

title; and by a housing court that has ruled on title; or even could do so legally?

F. Did the judge err in her finding that res judicata exists because of the Appellant has a Superior Court interpleader case pending, but no first hearing occurred and was stalled by judge's order approving the trustee's settlement agreement, to disperse the proceeds of sale before claims of violations can heard, which could void the title and reverse the transfer of the property?

3. Did the Judge err by approving a settlement agreement with the Creditor, allowing the court's trustee to undermine the estate's interest by taking a fraction of the amount that could be received, not obtaining the highest proceeds, from an evidently "wholly null and void" foreclosure auction, harming the value of Eser's estate by a loss of hundreds of thousands of dollars?

Conclusion............................................................................................

Certificate of Compliance......................................................................

Certificate of Service............................................................................

## CERTIFICATE OF INTERESTED PARTIES

Appellant certified that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or refusal:

1. **Defendant-Appellant:**

   Suzanne Eser, Debtor, ("Eser") is the owner of the property at 24 Endicott Street, Peabody, MA 01960, ("the Property") in the underlying Chapter 7 bankruptcy case.

2. **Plaintiff-Appellees:**

   Donald Lassman,("Lassman"), Law Offices of Donald Lassman, P. O. Box 920385, Needham, MA 02492, Don@Lassmanlaw.com, the Chapter 7 trustee for the fore-mentioned bankruptcy estate of Suzanne Eser.

3. Massachusetts Institute of Technology Federal Credit Union, ("Mitfcu")("the Credit Union"), 70 Westview Street, Lexington, MA 02421, is the Debt Collector who purportedly auctioned Eser's Property at 24 Endicott Street, Peabody, MA 01960, ("the Property"), on April 14, 2023 and transferred a "wholly null and

void" title of the Property to a third party buyer, Vitavera Realty

LLC on or about May 7, 2023.

4. **Counsel for Appellee Donald Lassman:**

Adam Ruttenberg, Beacon Law Group LLC, 935 Great Plain

Avenue, #116

Needham, MA 02492, aruttenberg@beaconlawgroup.com.


5. **Counsel for Appellee MIT Federal Credit Union:**

Robert Tenney, Cunningham, Machanic, Cetlin, Johnson, Harney &

Tenny LLP, 220 North Main Street, Suite 301, Natick, MA 01760,

**rtenny@cmlaw.net.**

6. **Other Parties of Interest in Underlying Case:**

Vitavera Realty Trust LLC, ("Vitavera"),  Andri Moli, ("Moli"), 110

Newbury Street, Danvers, MA 01923, is the purported third party

buyer of Eser's estate property.

by:/s/*suzanne eser*
Suzanne Eser
Appellant, Pro Se
c/o 21 Broad Street
Merrimac, MA 01860
(802) 829-0773
workemailonly@mail.com

# STATEMENT REGARDING ORAL ARGUMENT

Appellant  Suzanne Eser ("Eser") requests oral argument as she believes it could significantly aid the decisional process in this case. Eser requests an advocate to present her oral argument, as the Appellant is disabled and in constant pain from a spinal injury; and additionally, cannot afford a wheelchair as she is indigent. Eser will file an ADA Accommodation motion to accompany the brief, where she requests to have an advocate give Eser's argument.

# TABLE OF AUTHORITIES

**Cases:**

Requirements of Strict Compliance with the Requirements for a Nonjudicial

Foreclosure:

- *Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226 (2015)....*

- *U.S. Bank v. Ibanez, 458 Mass. 637, 646 (2011).........................*

- *U.S. Bank National Association v. Ibanez.....................................*

- *U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011)...........*

- *Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226 (2015).....*

- *U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011)...........*

- *U.S. Bank National Association v. Ibanez.....................................*

Requirements of Trustee to Act in Estate's Best Interest and Can Be Held
Personally Liable for Breaching Fiduciary Duty and for mismanaging estate assets:

- *Mosser v. Darrow*, **341 U.S. 267 (1951**)...............................................

- *In re Gorski*, **766 F.3d 373 (3d Cir. 2014**)............................................

- *In re Haugen Const. Serv., Inc., 104 B.R. 233 (Bankr. D.N.D. 1989) ...*

**Constitutional Provisions:**


**Federal Regulations:**

28 U.S.C. §158(c)(1)..............................................................................

209 CMR 18.21A..................................................................................

28 U.S. Code Section 1915 (a) (3)……………………………………………………

11 U.S.C. Ss 704 and 1106…………………………………………………………

UCC 3-203(d)……………………………………………………………………………

18 U.S.C. § 242……………………………………………………………………


<u>Statues:</u>

**Nonconforming Notice of Default:**

MGL Chap. 244 Section 35A……………………………………………………

**Nonconforming Notice of Sale by Auction:**


**Requirement of 60 Days to Report Detailed Accounting and Give Proceeds of Sale to Owner:**

MGL Chap. 183 §27……………………………………………………

MGL Chap. 244, Sect 15a ………………………………………………………

**Conveyance of Void Title:**

MGL Chap. 184 Section 18…………………………………………………

**Procedures After Sale: Requirements of seller to report all their "doings" of foreclosure to the applicable Superior Court within 10 days after the sale:**

M.G.L. Chap. 244, §§ 12 & 13…………………………………………………


<u>Rules:</u>

<u>Rule 8002</u>……………………………………………………………………………

Rule 52 of the Federal Rules of Civil Procedure ………………………………………

**<u>Other Authorities:</u>**

- **<u>MAAPL Report on Massachusetts Housing Courts Operating Without Due Process Rights For Four And A Half Years</u>**

- Amicus filing to the U.S. Supreme Court

- **Bankruptcy Issues for State Trial Court Judges, Third Edition, A Publication of the American Bankruptcy Institute, Edited by Marianne B. Culhane and Michaela M. White, Professors at Law, Creighton University School of Law, Omaha, Nebraska, 2005.**

## JURISDICTIONAL STATEMENT

Pro Se Appellant, Suzanne Eser, has elected to have her appeal from the U. S. Bankruptcy Court, District of Massachusetts, heard by the United States District Court pursuant to **28 U.S.C. §158(c)(1).** Eser's Notice of Appeal was filed timely and filed under Rule 8002 of the F.R.B.P.

In accordance with the foregoing, this Court has jurisdiction in this matter. "Congress has vested all jurisdiction over bankruptcy matters in the United States district courts. The district courts have exclusive original jurisdiction over the bankruptcy case itself and original, but non-exclusive jurisdiction over civil proceedings arising in, arising under, or related to a bankruptcy case."[1]

---

[1]Bankruptcy Issues for State Trial Court Judges, Third Edition, A Publication of the American Bankruptcy Institute, Edited by Marianne B. Culhane and Michaela M. White, Professors at Law, Creighton University School of Law, Omaha, Nebraska, 2005.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

**1.** Did the Judge err by not enforcing the Massachusetts Law of
Real Property Law for Transactions, the "Foreclosure By Sale
Scheme" that makes the foreclosure invalid?.....................

A. Did the Judge err approving a settlement agreement, igoring serious due
process violations of statutory requirements, which require minimally "strict
compliance" and due process omissions of whole sections of the
Massachusetts Foreclosure By Sale statutory scheme, that render the
foreclosure "wholly null and void" by operation of law; make it as if the title
transfer never existed, nor legally occurred and the Property would still be
considered part of Eser's bankruptcy estate, making any proceeds from an
invalid sale not recognized as legitimate assets, that could be subject to
Rule 9019 settlement by the bankruptcy court?.........................................

B. Did the Judge err by approving a settlement agreement with the Creditor,
prior to a trial or evidentiary hearing to proceed first, in the pending
Superior Court interpleader case, to ajudicate on the validity of title and
transfer thereof, the judge is allowing the proceeds to be taken from?

**2.** Did the Judge err by relying on a housing court Summary Process Default
Judgement, to determine her finding that a valid title transferred legally,
determined by a court with subject matter jurisdiction and therefore,
approving a settlement of auction proceeds with the seller?.............

A. Did the Judge err given that housing court has not been found by the
Massachusetts Supreme Judicial Court to have jurisdiction to notify all
potentially interested title holders to hold a full adjudication as to a
controversy of title?...........................................................................

B. Did the Judge err given that property law is the province of the state law,
and the Massachusetts Supreme Judicial Court has ruled that the only

authority a housing court has is to recognize that title never left the homeowner given an invalid and void foreclosure?....................................

C.. Did the Judge err in her findings of res judicata negating this appeal was and that it was not taken in good faith to deny the Appellant's right to be heard in a trial on title to take place before a settlement being approved; and denying the Appellant's waiver of appeal filing fees under forma pauperis for lack of appealing in good faith?

B. further; did the Judge err in her findings that res judicata is relevant against this appeal in her presuming that the housing court had determined legal title and has legal subject matter jurisdiction to ajudicate on title; and the if the Appellant was even present at the trial for "possession"?

C. Did the judge err in her finding that res judicata is relevant against this appeal in her presuming that two housing court appeals subject matter is title; and by a housing court that has ruled on title; or even could do so legally?

D. Did the judge err in her finding that res judicata exists because of the Appellant has a Superior Court interpleader case pending, but no first hearing occurred and was stalled by judge's order approving the trustee's settlement agreement, to disperse the proceeds of sale before claims of violations can heard, which could void the title and reverse the transfer of the property?

**3.** Did the Judge err by approving a settlement agreement with the Creditor, allowing the court's trustee to undermine the estate's interest by taking a fraction of the amount that could be received, not obtaining the highest proceeds, from an evidently "wholly null and void" foreclosure auction, harming the value of Eser's estate by a loss of hundreds of thousands of dollars?

## SUMMARY OF ARGUMENT

The Appellant argues that the Judge erred by her order allowing the trustee's written settlement agreement with the Creditor, the Credit Union, that is allowing the trustee to undermind the estate's interest in obtaining the highest proceeds, by bypassing a Superior Court Interpleader case trial where all evidence can be presented by both parties regarding the Appellant's claimed Massachusetts Law of Real Property Law for Transactions, the "Foreclosure By Sale Scheme" that makes the foreclosure invalid, that occurred pre, during and post foreclosure and title transfer.

Therefore, the judge's erring in her order which prematurely is allowing the trustee to take proceeds in settlement agreement from an evidently illegal "null and void" foreclosure auction, and is thereby harming the value of Eser's estate; even by the Credit Union's estimated value of the house sale of $563,000., the purported debt of Mtifcu of $382,266.94 and the surplus they claim to give the estate of $180,691.76.

In contrast, where the facts show fatal flaws in the foreclosure by sale process, the estate based upon these estimates would have the home value

of $563,000; therefore, the trustee's attempted agreement denies the estate at least an estimated $382,266.94.

## ARGUMENT

1. While there are numerous violations of statutory requirements which require at least "strict compliance", the due process omission of whole sections of the Massachusetts foreclosure by sale statutory scheme render the foreclosure void by operation of law and are detailed as follows:

The Credit Union was required by state statue within 60 days of transferring title, to resolve the issue of their illegally withholding proceeds and withholding accounting for over a purported $180, 691.76.00 from foreclosure sale. Though this amount cannot be confirmed by Eser, as she never received a detailed accounting to date with reciepts; as required by **MGL Chap. 183 §27.**

This non-judicial foreclosure auction of Eser's home, where assets were illegally kept by the Credit Union for over a year until filed into a court; and now, almost two years later they wish to be found not liable of this serious "Foreclosure By Sale" violation.

Additionally, the Credit Union is to be compensated for it by creating a settlement with the bankruptcy court employee, trustee, Lassman; who he, himself and his attorney and the Credit Union's attorney, stand to monentarily gain from self-billing the Appellant for unnecessary services not required by the Eser estate bankruptcy, to settle prior to determining legal title of the property.

Further, upon the Property reverting back to the Eser estate upon a void title transfer, the Property is, as was, before, protected by it's Declaration of Homestead and not within the grasp of the bankruptcy court's trusee's reach to sell or disperse funds from or otherwise; as it is exempt from the estates assets that can be liquidated because of that Homestead Declaration.

Upon 60 days after purported auction, on April 14, 2023, the Credit Union was required to notify and send the surplus funds of the purported auction sale and a detailed accounting of said sale within 60 days to the Appellant under statue **MGL Chap. 183 §27**, which would have been by July 14, 2023, which the Credit Union has not done to this day.

**MGL Chap. 183 §27:**

Section 27. "*The holder of a mortgage of real estate, or his representatives, out of the money arising from a sale under the power of sale shall be entitled to retain all sums then secured by the mortgage, whether then or thereafter payable, including all costs, charges or expenses incurred or sustained by him or them by reason of any default in the performance or observance of the condition of the mortgage or of any prior mortgage, rendering the surplus, if any, to the mortgagor, or his heirs, successors or assigns, unless otherwise stated in the mortgage. No person other than the holder of the mortgage shall be bound to see to the application of the money arising from such sale.*
***The holder of a mortgage of real estate, or the holder's representatives, shall provide to the mortgagor or the mortgagor's heirs, successors or assigns a written notice containing an itemized accounting of the disposition of the proceeds arising from a sale under the power of sale including, but not limited to, the sale price, legal fees, auctioneer fees, publication costs and other fees, and any surplus due to the mortgagor, within 60 days after the receipt of such funds provided, that if such***

*sale is subject to further legal proceedings, such accounting shall be stayed until the conclusion of such proceedings."(bold added)*

Eser argues that the Lassman, by the judge's order, is being allowed to undermine the estate interest in obtaining the highest proceeds by this settlement agreement and is bypassing the Lawrence Superior Court trial or evidenticary hearing and adjudication of Eser's claims, that she was also denied by the Credit Union's disregard of statutory requirements to file into court 10 days of transferring title.

Lassman is prematurely attempting this agreement with the Credit Union to take proceeds from an evidently illegal "null and void" foreclosure auction, thereby harming the value of her estate. Even by the Credit Union's estimated value of the house sale of $563,000.00, the credit Uniondebt of $382,266.94 and the surplus they claim to give the estate of 180,691.76. In contrast where the facts show fatal flaws in the foreclosure by sale process, the estate based upon these estimates would have the home value of $563,000.00; therefore, the Trustee's attempted agreement denies the estate at least an estimated $382,266.94.

While there are numerous violations of statutory requirements which require at least "strict compliance", the due process omission of whole sections of the Massachusetts foreclosure by sale statutory scheme render the foreclosure void by operation of law.

The "person selling" omitted two complete sections required for a foreclosure by sale by statute:

**M.G.L. c. 244, §§ 12 & 13**:

**Section 12** requires the seller to report all their "doings" under oath which may "knowingly or recklessly facilitate" an illegal foreclosure to the applicable Superior Court within 10 days after the sale.

**Section 12. "Procedure after sale. The person selling shall, within ten days after the sale, file in the clerk's office a report on oath of the sale and of his doings, and the court may confirm the sale or set it aside and order a re-sale. Any person interested may appear or be summoned, and the order of the court confirming the sale shall be conclusive evidence against all persons that the power of sale was duly executed."**

**Section 13** requires notifying all interested parties before a sale is confirmed or ordered for re-sale – that explicitly includes the owner of the right to redeem their title – namely Eser in this case.

**Section 13. "Necessary parties. Unless the defendant is seized in fee simple in possession of the whole equity of redemption of the land demanded, an order for a sale shall not be made until all parties interested in the equity of redemption and whose estate or interest therein would be affected by such sale have been summoned to appear. "**

There are additional due process violation, just as serious, the Credit Union ignored under their non-judicial "Power of Sale" foreclosure action, which is required to be performed under "strict statutory compliance" as stated in the following cases.

***Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226 (2015)*** *A lender's failure to strictly comply with the notice of default provided in the mortgage renders the foreclosure sale void."*

*U.S. Bank v. Ibanez, 458 Mass. 637, 646 (2011)*. *"Massachusetts requires strict compliance with the requirements for a nonjudicial foreclosure."*

"*If a foreclosure sale does not comply with statutory requirements, it is 'wholly void.'"*

*U.S. Bank National Association v. Ibanez*

*U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011)*

*To effect a valid foreclosure sale, the lender must strictly comply not only with the terms of the actual power of sale in the mortgage, but also with any pre-foreclosure conditions that are required before exercising the power of sale. A lender's failure to strictly comply with the notice of default provided in the mortgage renders the foreclosure sale void."*

*Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226 (2015)*

*"Massachusetts requires strict compliance with the requirements for a nonjudicial foreclosure. U.S. Bank v. Ibanez, 458 Mass. 637, 646 (2011). If a foreclosure sale does not comply with statutory requirements, it is 'wholly void.'"*

*U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 646 (2011)*

*"The court ruled that foreclosing lenders must strictly follow the statutory requirements when conducting a foreclosure under a non-judicial 'power of sale' in Massachusetts, and that failure to document assignments of the mortgage from the originating lender to the foreclosing lender will void the entire foreclosure."*

*U.S. Bank National Association v. Ibanez*

The Credit Union did not follow strict compliance, and in many cases including the above statues, no compliance was adhered to. Eser was never notified after the sale of who her home was purported to be even be sold to, as the Credit Union never complied.

Not allowing proper adjudication that should have taken place over a year ago by the foreclosing party bringing a report in court, allowing Eser to be summoned and give her defense to be heard on all claims against them in an evidenciary hearing or trial, as required by **MGL Chap. 244 Ss12 & 13** statute but the Credit Union did not do so.

**STATEMENT OF FACTS**

**AND**

**DUE PROCESS VIOLATIONS BY DATE**

1. On February 14, 2020, Massachusetts Institute of Technology Federal Credit Union supposedly sent a Default/Right to Cure letter/Acceleration Notice though sent by the Debt Collector to the wrong address, a post office box and not to Eser's residence and it was not received timely and was later forwarded by the postal service.

**Nonconforming Notice of Default:**

2. Above said right to cure letter did not comply with the right to cure statute **MGL Chap. 244 Section 35A** in the following ways:

   a. was stated the borrower has 30 days to cure by March 16, 2020, Not 90/150 days after the date of the letter as per statute.

   b. included fees disallowed by statute.

   c. did not list the referral agencies and phone numbers as required under the appropriate time period under the appropriate version of the right to cure law required for the time period when the right to cure letter was purportedly sent.

**Nonconforming Notice of Sale by Auction by Mitfcu:**

3. On March 11, 2023 Suzanne Eser did receive a mailing from the Debt

Collector's attorney Robert Tenney's law firm Cunningham, Machanic, Cetlin,

Johnson, Barney & Tenney LLP, claiming to be the "Notice of Foreclosure

Sale."

This Notice included was a Mortgagee Notice of Sale which enumerated the

Terms of Sale:

*"TERMS OF SALE: A deposit of Ten Thousand ($10,000) Dollars by certified or
bank check will be required to be paid by the purchaser at the time and place of
sale the balance is to be paid by certified or bank check at Cunningham,
Machanic, Cetlin, Johnson, Barney & Tenney LLP, within (30) days from the date
of sale. Deed will be provided to purchaser for recording upon receipt in full of
the purchase price."*

a. Mitfcu's Notice DID NOT contain in the advertising the auctioneer's name or

license number nor did it list assignment.

b. Mitfcu's Notice DID NOT, as part of this mailing, include a **209 CMR 18.21A**

certification which is legally required by statue. A nonconforming certification was

included; however, it did not include the legally required recitation of the "**chain**

**of title and ownership of the note".**

Given Suzanne Eser not having received the legally required Notice of the

scheduled auction, any attempted auction will be without force and effect, a legal

"nullity."

**Also under 209CMR18.21A:**

c. Mitfcu's Notice DID NOT, as part of this mailing, include a copy of Promissory

Note;

d. Mitfcu has not given a copy of the original wet ink Promissory Note to Eser at

any time from the period of closing of the Property to today's date, which is also

required by statue. Upon Eser's insistence to see the original wet link promissory

note, the Credit Union presented a copy to view in person, not until 17 years later, on or about April 5, 2023; that was altered and tampered with, retyped on, resigned, removed from it's allonge (signature), detached from all it's pages, not containing the original signature; and not the original wet ink prommisory note; and again, no reproduction of that document was given to Eser after it being shown to her and her witness, Silas Sanderson, for approximately ten minutes.

4. On April 14, 2023, 11:00am MIT Federal Credit Union attempts to illegally auction 24 Endicott Street, Peabody, MA 01960, Eser's home.

5. On or about May 7, 2023, after Mitfcu's illegal purported auction sale, the Debt Collector purportedly, fraudulently transferred the void title of the Property to a third party buyer, Vitavera Realty LLC.

6. Upon 60 days after purported auction, on April 14, 2023, Mitfcu was required to notify and send the surplus funds of the purported auction sale and a detailed accounting of said sale within 60 days to Suzanne Eser, under statue **MGL Chap. 183 §27**, which would have been by July 14, 2023, which Mitfcu has not done.

**MGL Chap. 183 §27:**

Section 27. *"The holder of a mortgage of real estate, or his representatives, out of the money arising from a sale under the power of sale shall be entitled to retain all sums then secured by the mortgage, whether then or thereafter payable, including all costs, charges or expenses incurred or sustained by him or them by reason of any default in the performance or observance of the condition of the mortgage or of any prior mortgage, rendering the surplus, if any, to the mortgagor, or his heirs, successors or assigns, unless otherwise stated in the mortgage. No person other than the holder of the mortgage shall be bound to see to the application of the money arising from such sale.*
***The holder of a mortgage of real estate, or the holder's representatives, shall provide to the mortgagor or the mortgagor's heirs, successors or assigns a written notice containing an itemized accounting of the disposition of the proceeds arising from a sale under the power of sale including, but not limited to, the sale price, legal fees, auctioneer fees, publication costs and other fees, and any surplus due to the mortgagor, within 60 days after the receipt of such funds provided, that if such sale is subject to further legal proceedings, such accounting shall be stayed until the conclusion of such proceedings."(bold added)***

7. To this date, Eser has never received a post-foreclosure letter identifying the purchaser at auction nor any accounting of the sale pursuant to **MGL Chap. 244 Sec. 15a and MGL Chap. 183 Sec. 27** of which Mitfcu violated.

8. Approximately one year after Mitfcu's illegal auction, on April 30, 2024, Mitfcu posts Notice of lawsuit in the Superior Court, Essex County, served to wrong address to unit #1, a tenant unit, not unit #2, 24 Endicott street, Peabody, MA 01960, Eser's residence; as an inter-pleader case which is currently pending.

9. On June 6, 2024 Eser files Answer to Mitfcu's Summons and Complaint, listing the claimed violations pre-foreclosure, foreclosure and post-foreclosure, the Foreclosure Power of Sale violations and Due Process violations Mitfcu has committed against Eser's Estate and Eser.

10. To this date Eser and the Superior Court have only received general information from filings in Mitfcu lawsuit on April 30, 2024 and not a detailed itemized accounting, receipts and not an original wet ink prommisory note, for their purported auction sale and claimed debt.

11. Mitfcu files erroneous and nonconforming affidavits into the Registry of Deeds:

a. Mitfcu's affidavit on may 21, 2021 erroneous statements in south Essex registry of deeds book #39911 page #199 exists.

b. Mitfcu's affidavit February 7, 2023 erroneous statements and not notarized on the same day as was supposedly witnessed by the operations manager of collections who notarized it on January 7, 2023.

12.    On May 18, 2023, the third party buyer of the claimed fraudulently

conveyed, void title, Vitavera, violated MGL Chap. 184 Section 18 and

attempts to gain possession by force of Eser's Estate Property illegally

without litigation of title in a District or Superior Court, without litigation in a

Housing Court, by bypassing any court period; and commits a forced entry

into Eser's home by a self help eviction by bulldozer of Eser's Estate

Property on May 18, 2023, after Mitfcu transfers a null and void title; by

Vitavera trespassing on Eser's property and forced entry and then lock out

from her home, while bulldozing down parts of the property and causing

approximately $22,000.00 damage to Eser's Estate Property and leaving

Eser traumatized, forced to sleep on her front doorstep stairs for four days

until she could get help to be let back into her home.

13.    After Mitfcu transferred a null and void title on July 26, 2024, Vitavera

again attempted to gain possession by performing an illegal eviction on

Eser:

a. by illegally engaging the Peabody Police to do an eviction, violating **MGL

Chap. 41 Section 98** statue, that police cannot execute evictions and

evictions must be executed by a constable or sheriff;

b. by engaging Peabody Police, who threaten Eser with physical harm to her

person and internment, to detain her person for 72 hours;

c. by hiring a non-certified constable, Christopher Chigas on July 26, 2024,

who does not have the necessary P.O.S.T. training to safely use, Use of

Force, pursuant to **MGL Chapter 6E sections 14 & 15**, as his name is not

listed as holder of certification of any training required to perform physical eviction.

d. by hiring a non-certified constable, Christopher Chigas who violates state statue **MGL Chap. 239 Section 4 (d)** by not serving Eser and the Housing Court within 7 days, with the required itemized list and exact location of her personal property of the Eser Estate that he had removed from her home and the Property on July 26, 2025 and therefter and still has not, 6 1/2 months later.

e. by hiring a moving company, Appleyard, that is not licensed to move individual's personal property;

f. by hiring a warehouser, Appleyard Bonded Storage, who has violated state statues **MGL Chap. 239 Section 4** by not serving Eser with a monthly statement or any statement of billing after being hired on July 26, 2025, and violating MGL Chap.239 Section (f) not allowing a showing of the personal property of the Eser Estate that they have taken.

14.    On or about May 16, 2023, the subject Property was transferred to Vitavera Realty LLC, Andri Moli, and subsequently transferred to Moli Andri Trustee, Vitavera Noinee Trust, 110 Newbury Street, Danvers, MA 01923, on October 11, 2024; after original purported auction sale took place on April 14, 2023 and title was transferred by MITFCU and filed on South Essex Registry of Deeds on May 16, 2023, Book #42372, Page #182 for $563,000.00.

15.     The City of Peabody appraisal valuation for the Property is
$924,400.00 as of February 14, 2025, as stated on the City of Peabody's
Property Card.

16.      On and before December 10, 2024, the Trustee negotiated with the
Credit Union to take the illegal surplus proceeds and illegally pay the Credit
Union. Additionally, Larkin, a secondary debt collector, (who is bound by a
2019 written contractual agreement with Eser to not collect, if it is not a
legal transfer of title) and other creditors, were added on this settlement
and approved by the judge.

   The bankruptcy employee, Lassman, and the Credit Union wrote a
compromising settlement, before any evidenciary hearing or trial took
place in Lawrence Superior Court; which circumvents any liability to the
Credit Union. In essence it wipes away the multitude of serious violations
of law perpetrated against Eser's estate, costing the estate to lose
hundreds of thousands of dollars.

      The settlement instead has the estate paying the Credit Union
generously for it illegal actions in their foreclosure, even paying thousands
of dollars in additional attorneys fees just to write the settlement and also
attorneys fees post settlement; instead of holding them accountable for
their illegal acts and the estate additionally receiving a monetary
compensation for damages, statutory violations and compensation for
attorneys fees for both parties, thereby protecting and saving the assets in
the estate. The responsibility of the bankruptcy trustee is to protect the
estate and its assets.

This is a breach of fiduciary duty and misconduct under **11 U.S.C. Ss 704 and 1106**, a trustee must act in the best interest of the estate.

Additionally, the judge erred in her misconception of what has occurred on this subject matter of title in other courts for litigation for Eser. The Judge used res judacata as the basis to denounce this appeal and deny to waive Eser's appeal filing fee, that stated in her denial, "**the matter has been the subject of extensive litigation by the Debtor in state court prior to this bankruptcy case, including multiple appeals".** In actuality, **n**othing has been adjudicated on this subject matter of title and heard in a trail or evidenciary hearing by both parties in any court. Absolutely nothing. There is no basis for Res Judicata to be used to deny Eser the right to appeal in forma pauperis. The following details give a background of what each court's subject matter is and what litigation took place in reference to the judge's Res Judicata finding:

a. **Superior Court, Lawrence, MA:**

Eser has not been heard in the pending Lawrence Superior Court case in an evidenciary hearing nor a trial. The case pending brought by the Credit Union has not even had a first hearing; and was not brought until over a year after the purported transfer of title. And now it is stalled due to the judge's order approving a settlement before any adjudication on title has occurred.

b. **Northeast Housing Court, Salem, MA:**

The bankruptcy court is mistaken in believing res judacata is relevant in the subject matter of title, as the housing courts have no jurisdiction to hear or adjudicate on title and did not have an evidenciary hearing nor a trial on the subject matter in this appeal. The housing court case was brought for possession by none of the parties in this appeal, nor was it brought by the Appellant as the bankruptcy court stated. Additionally, it was not brought on the subject matter of title. In actuality, the only trial that occurred in the last three years was for possession, in this case in housing court. In which a trial for possession was erroneously allowed to go forward with only one present. The party missing was the defendant, Suzanne Eser, as she was just released from the hospital, seriously injured and disabled from a spinal injury 3 days prior and could not function, walk, sit or stand without severe pain, even while on pain medication. On August 29, 2023 she immediately called the housing court letting them know she just had an accident the evening of the 28th and filed her motion for continuance of that trial for "Possession" days before the September 1, 2023 trial. The court went forward anyway without her and filed a default judgment for her not being present.

Therefore the bankruptcy court is mistaken, there has been no adjudication on title by a trial on this subject matter. The housing court cannot even address that issue legally, as again, they have no jurisdiction to do so.

**c. Appeals Court from Northeast Housing Court, Salem, MA:**

Eser's prior two appeals are from the aforementioned housing court case, which addresses the default judgment for possession and order for use and occupancy for possession (from the above case brought by another party for possession of her home). Both appeals are in defense of subject for possession. Again, the housing court cannot litigate on title. Neither appeals were denied as claimed by the bankruptcy court.

Both appeals were found by the Appeals Court and the State Housing Court to be done in good faith, with meritorious, color-able claim and were allowed to go forward under forma pauperis as the courts determined Eser to be indigent with non-frivolous claims concerning possession. They have yet to be heard and motion is being filed for an enlargement of time with further appellate review.

Just as in her foregoing appeals in housing court on possession, the Appellant has filed this appeal in good faith, with a non-frivolous, color-able claim that is valid, with a substantial question of law and has a basis to prevail and can be granted relief by this Court. As Eser has a meritorious defense of claim of deprivation of her legal rights that are being denied.

a. This appeal is a non-frivolous claim that the bankruptcy court's order allows by it's settlement agreement, it's employee, Lassman, who created it, to cause a loss, denying the estate of at least $382,266.94. By the Credit Union's estimated value of Eser's house sale of $563,000.00, the debt the Credit Union estimates of $382,266.94 and the surplus they claim to give the estate of $180,691.76. In contrast where the facts show fatal flaws in

foreclosure by sale process, the estate based upon these estimates would have the home value of $563,000.00, therefore, Lassman's attempted settlement agreement denies the estate at least an estimated $382,266.94.

Additionally, By Lassman writing a compromising settlement agreement and the bankruptcy court approving it (the subject of this appeal), without first allowing the pending case in Superior Court to be heard on Eser and her claims and adjudicate by trial on whether the violations of law by the Credit Union, that were perpetrated prior to, during and post foreclosure sale, invalidates the title making it "wholly null and void"; or allows a monetary award for damages for serious, multiple due process violations, statutory penalties and attorneys fees to be paid to bankruptcy court by the Credit Union and additionally, to waived their exorbenint fees,

Lastly, is the financial loss to the estate caused by the bankruptcy court's trustee, Lassman's fees and engaged agent's fees, who as an attorney, hired his own additional attorney, who are hiring accountants and those accountant's are to bill book keepers and additional multiple staff. When all is said and done, the bankruptcy court has now allowed it's employee, Lassman, to mishandle the estate assets to illicit self-gain from exorbitant fees from over 4 parties, that would not even exist, nor the expense been created except for his writing a settlement that illegally favors the opposing attorney and the Credit Union who violated the law, and the employee of the bankruptcy court and his multiple agents hired by him.

All fees that create an exorbitant loss of thousands of dollars for the estate that is completely avoidable by the Superior Court case going forward, as Eser is Pro Se and costs nothing to be heard.

The case law below supports that a trustee can be liable for breaching fiduciary duty.

***Mosser v. Darrow*, 341 U.S. 267 (1951)** (trustee can be personally liable for breaching duty).

***In re Gorski*, 766 F.3d 373 (3d Cir. 2014)** (trustee must act in estate's best interest).

***In re Haugen Const. Serv., Inc.*, 104 B.R. 233 (Bankr. D.N.D. 1989)** (trustee liable for mismanaging assets).

The Appellant has a right to defend her estate, her livelihood from that estate, her financial future, her retirement, from the only home she built and worked 26 years for, and is pursuing justice denied her. That is exactly why the state legislature created MGL Chap. 244 s12 & s13, to make sure that non-judicial cloaked foreclosures are brought to witness and are "duly executed" and those parties "whose estate or interest therein" "would be summoned to appear" to protect those interests. But again, the Credit Union did not allow that to happen and denied Eser has litigate on this subject matter in a trial. Therefore the bankruptcy court's denoucing this appeal and denial of waiving the appeal filing fee in forma pauperis per Res Judicata does not apply in this case.

Under **28 U.S. Code Section 1915 (a) (3)**: the judge is under a misconception that this appeal is not in good faith and denied Eser the waiver of the appeal filing fee under forma pauperis. The misappropriation

and loss of use of hundreds of thousands of dollars in funds denied the Appellant and her estate for over a year, while she struggled disabled and homeless by indigency caused by losing her home that was also her source of income for 26 years. Now the bankruptcy court judges's order to approve settlement will lose hundreds of thousands of dollars of Eser's state per this settlement, and constitutes an intentional and deliberate violation of the trustees duties to the estate and is a gross negligent breach of fiduciary duty and misconduct.

Therefore, this appeal is a colorful claim and meritorious that is non-frivolous and must be addressed to prevent it happening again in cloaked, non-judicial Power of Sale foreclosures, that are not brought unsupervised and not witnessed in a court of law and not protected by the statues put in place that are suppose to do so, that govern those foreclosures. The Appellant is bringing this appeal in good faith.

In support thereof, Debtor/Applicant states as follows:

 Additionally,due to the court's oversight to address Eser's claims against the Credit Union, made and in the Northeast Housing Court, which the Bankruptcy court is relying on; though Eser presented to this Court in her previous filing and verbally and submitted in the lower court in Answer, and in the Superior Court in Answer. Eser requested  that that the bankruptcy court address her previously submitted concerns, as per Rule 52 of the Federal Rules of Civil Procedure and take judicial notice and address the following concerns:

The court is without jurisdiction to grant relief to the debt collector, MITFCU, because they failed to file proof of claim as an original wet ink promissory note as required by Rule 3002. Nor has MITFCU filed a note in any court in 19 years, and has not given Eser a copy at any time. Therefore , they have no rights to enforce the debt obligation against Eser pursuant to the Uniform Commercial Code, UCC 3-203(d), nor do the have the right to transfer title in a sale of Eser's property.

Additionally, the Credit Union, transferred tile on Eser's property without the title being secured by the original wet ink promissory note, which voids that transfer. Eser know this as fact as she and witness Silas Sanderson was given a note viewing on April 5, 2023 by MITFCU by Eser insistance they follow the statutory laws, to be shown the original wet ink prommisory note for her property. Instead what was presented as original was not, realized by over 10 staple holes in detached pages from the signature (the allonge) where it was taken apart numerous times, was presented altered in a type writer, detected by its differences in type set, post signing as the signature lay "under" the type print, additionally, everal different colors of typing ink was seen used post signing and several different type fonts used, all added to alter the document later after signing, which was in clear view when zoomed in on under a zoom lens we viewed it with. Further, an alonge page, the signature page, cannot be detached from the note, for just this reason; to protect the party signing of fraud by copying, altering and adding the signature page (allonge) to a note never originally signed by the Debtor. The debtor's signature was seen as not being the original but a copy. These facts

all determine the note MITFCU presents, is not the original wet ink promisory
note. And without the original note, no title can be legally transferred and
reverts back to the owner, whose property is still protected under her
Declaration of Homestead, as no legal tile transferred or could transfer from
MITFCU to void the Declaration of Homestead.

1. The bankruptcy court has the responsibility to determine the validity of
   a secure claim irrespective of decision(s) made by state courts on the
   purported transfer of Eser's property occurring on May 16, 2023.

2. This court stated that it relied upon the decision of the lower court,
   Northeast Housing Court, which was based on fraudulent altered
   certified documents submitted in the summary judgment and to date no
   original wet ink promissory note was ever presented to the lower court.
   This Court had an obligation to determine if there was a secure claim
   independent of any state court decision.

3. What perfected evidence has been presented to this court to validate
   that the debt collector ever had a legitimate claim?

• These are the judicial notice issues before this court that must be addressed
  in writing pursuant to Federal Rule 52.

4. Pursuant to regulation F of the FDCPA, validation of debt, and
   Massachusetts General Laws Chapter 260, § 2, the note would have been
   time-barred, six years from the last payment on the debt, which was
   reported to be in 2018. The refinance lender MITFCU, purportedly
   transferred Eser's Property by a void title on or about May 16, 2023 by
   not having an original wet ink promissory note; and now over 6 years

later, just now trying to conclude transfer of those illegal proceeds, by surplus of that fraudulent conveyance of title.

1. "Uttering" under chapter 257 of federal law and Mass General Laws Chapter 267 § 5 means the act of knowingly passing or using a forged or altered document, like a check or deed as if it were genuine with the intent to defraud someone: Essentially, it's the act of presenting a fake document as real, not just creating the fake document itself.

2. In Bankruptcy Court, under 18 U.S.C. § 152, knowingly and fraudulently filing a false claim is a Federal crime. These actions need to be referred to The U.S. Trustees Program.

3. Deprivation of Eser's rights pursuant to 18 U.S.C. § 242. "No officer of the court or federal government shall deprive any citizen of the United States of their constitutional rights of due process and equal protection under the laws of the United States." It also "prohibits the deprivation of the federal rights of any inhabitants while acting under the color of law.

4. Debt collectors did not validate that they suffered an injury or provide authenticated evidence of the promissory note endorsement, violating 15 U.S.C. § 1692g(b).

5. Eser's home at 24 Endicott Street, Peabody, Ma 01960 ("the Property") is protected by it's Declaration of Homestead from liquidation as there has been no legal transfer of title as MITFCU's title is void.

6. The Creditor has filed a false claim under MGL c266s30(3) Larceny Stealing of Real Property and MGL c266s33(1) Criminal Larceny.

7. The claim of fraudulent conveyance of a void title by Eser prior to filing bankruptcy are required to be heard pursuant to 28 USC (b)(2)(H) by a jury trial 28 USC 151(e) allows for the Eser's right to a jury trial on the matter of a void title being transferred to a third party buyer; where the deed given to the buyer was invalid from a void title transferred by the Lender who holds no original wet ink promissory note, which voids the sale and the proceeds of that sale and surplus cannot be legally dispersed until it is fully adjudicated when that sale is challenged by the Eser to protect her estate who she is ultimately holds interest in.

8. Where all facts and evidence have not been heard by a jury trial which is the Debtor's right per 28 USC 151(e); on the matter of a claim against the estate Property by the Debt collector for a disputed title.

9. The statutory predicate for the Creditor's claims of Relief was 11 USC s362(d)(2)(a) with respect to stay of an act against property does not apply.

10. The indebtedness owed to MITFCU on the obligation at the time of the foreclosure sale, was purported to be $382,308.54, without detailing the itemized fees and costs associated with the purported amount of debt, NO "surplus funds" could be

determined even if it were not a fraudulent conveyance of title as no itemized statements of that debt was disclosed to Eser prior to purported sale and Not after sale. Debt collector, MITFCU, violated 15 U.S.C. § 1692e by falsely claiming amounts that were not itemized and dislosed to Eser.

If MIITFCU had a nonvoid title, they would have had to file and serve an itemized accounting of the debt they were purportedly collecting on by 60 days post transfer of that nonvoid title, which they waited a

year still not served Eser with a breakdown and evidence of receipts of costs being charges her.

1. On or about April 16, 2024, the Credit Union filed an inter-pleader case in the Lawrence Superior Court, Civil Action #2477CV00371 (the "Inter-pleader case"), regarding the purported surplus funds from their fraudulent conveyance of title.

   The Credit Union did not deposit the surplus funds with the Lawrence Superior Court as part of their Inter-pleader case because the case has not been heard or adjudicated on the matter of a Fraudulent Conveyance of Title.

   No evidenciary hearing or trial has taken place between the parties and the parties have yet to be heard or adjudicated on the matter of a void fraudulent transfer of title.

The Credit Union holds the funds in conjunction with fraudulently attempting to transfer a void title until it is heard and adjudicated by the Superior Court.

On or about May 13, 2024, Larkin Corp. d/b/a Larkin's Run ("Larkin") filed an Answer in the Inter-pleader case, asserting that it was owed a debt of two mortgages executed by Eser on or about November 6, 2019.

on August 6, 2024, Larkin filed a proof of claim in the Eser's bankruptcy case asserting a claim on it's mortgages on the Property, in the amount of $24,035.76 as of the petition date, plus per-diem interest of $7.17, in which Zero interest was agreed upon in the original contract between Larkin and Eser. legal conveyance of title and sale occurs and no legal conveyance of title has occurred, therefore Larkin cannot bring a claim against Eser's estate at this time.

2. On or about June 3, 2024, Eser filed an Answer in the Inter-pleader case, in which she made it clear to the Court the purported sale of her home by MITFCU was a fraudulent conveyance of title based MITCU not having an Original Wet Ink Promissory Note to transfer title legally, besides the numerous listed violations of law made by MITFCU against Eser from inception of the loan to the illegal fraudulent transfer of title.

On September 20, 2024, MITFCU filed a Fraudulent Proof of Claim in Eser's bankruptcy case was purported to be submitted, asserting a claim for its legal fees incurred after fraudulently conveyancing a void title to a third

party buyer was attempted to be passed in a foreclosure sale, prior to the petition date, in the amount of $5,177.10.

**7.** The illegal settlement agreement made by the Trustee and MITFCU Intention s:

a. MITFCU will turn over funds to the Trustee from an illegal foreclosure sale;

b. the Trustee will pay the claims which have no proof of claim, MITFCU and Larkins non contracted interest from a void fraudulent sale;

c. that the Trustee (as holder of the claims raised by Eser in her Answer in the Interpleader case) will join in a motion by the Credit Union for dismissal of the Interpleader case.

d. the settlement agreement also **requires** MITFCU, if it wishes to seek compensation for any services rendered or costs and expenses incurred during the period between the petition date and the date MITFCU turns over funds to the Trustee;

e. the MITFCU reserves the right to seek compensation for any services rendered or costs and expenses incurred after the date it turns over the funds from the illegal void sale to the Trustee;

**8.** f. the Trustee reserves the right to oppose any requests by the Credit Union for compensation other than what is set forth in the Credit Union's proof of claim.

**9.** In determining whether the judge erred in order of a settlement agreement, this Court must assess whether there has been an adjudication by an evidenciary hearing or trial of all matters by the parties for a legal transfer of a valid title to have occurred, by a court with proper jurisdiction.

This cannot be possible to the parties in this action as the Credit Union has violated the Massachusetts Foreclosure By Sale law,  have no legal proof of claim and all matters have not been adjudicated by the parties.

### Additional Case Law
**"Trustee's Role in Disallowing Claims: Midland Funding, LLC v. Johnson"** The Supreme Court precedent clearly stated in *Midland Funding, LLC v. Johnson*: "The trustee normally bears the burden of investigating claims…

The audience in Chapter 7 bankruptcy cases include a trustee, 11 U. S. C. §1302(a), **who must examine proof of claim and, where appropriate, pose an objection, §§704(a)(5), 1302(b)(1) (including any timeliness objection, §§502(b)(1), 558)**. And that trustee is likely to understand that, as the Code says, proof of claim is a statement by the creditor that he or she has a right to payment subject to disallowance (including disallowance based upon, and following, the trustee's objection for untimeliness). §§101(5)(A), 502(b), 704(a)(5), 1302(b)(1)." Midland Funding, LLC v. Johnson, 581 U.S. 224 (2017)."

The lack of authenticating evidence presented by the debt collector should activate the disallowance of this claim.

#### "Equitable Jurisdiction in Bankruptcy: Stern v. Marshall and Langenkamp v. Culp"
In Stern v. Marshall, the court held that:

 "In Langenkamp v. Culp, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) (per curiam), the Court emphasized that when the individual files a claim

against the estate, that individual has "**trigger[ed]** the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee becomes integral to the settling of the debt through the bankruptcy court's **equity jurisdiction.**"

Again, the lack of authenticating evidence presented by the debt collector should activate the disallowance of this claim.

### "Proof of Claim Requirement in Bankruptcy: Veal and Blendheim Cases"

In Veal, *450 B.R. at 906-907.* As set down in the bankruptcy code and 11 U.S.C. 501. **Rule 3003**

> c. (2) requires a "**creditor" to file a proof of claim when the claim is disputed, contingent or unliquidated, as here.** If the creditor fails to present a proof of claim, it may lose the right to collect on that claim, or at least on that portion of the claim unsecured by a lien on real property, *HSBC Bank USA, N.A. v. Blendheim, (In re Blendheim), 803 F.3d 477, 489-491 (9th Cir. 2015).* **Rules of constitutional standing require that a party is not a "creditor" entitled to collect on a "claim" unless it proves it owns the claim**.

### "Bankruptcy Court's Exclusive Jurisdiction: Hafen v. Adams"

In *Hafen v. Adams (In re Hafen)*, 616 B.R. 570 (B.A.P. 10th Cir. 2020), a bankruptcy appellate panel from the Tenth Circuit ("BAP") held that the bankruptcy court is the only court with subject-matter jurisdiction to decide whether a claim or cause of action is property of a debtors' bankruptcy estate. Consequently, the BAP held that the bankruptcy court abused its discretion by permitting a state court to determine whether creditors had "standing" to sue third-party recipients of allegedly fraudulent transfers.

### Inapplicability of the Rooker-Feldman Doctrine in Independent Federal Claims

Item: In re Virella Citation: 661 B.R. 199

The Rooker-Feldman doctrine does not apply. The Rooker-Feldman doctrine generally prevents parties from bringing claims in federal district courts when the plaintiff in federal court seeks to void the state court judgment. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163–64 (3d Cir. 2010). The Debtor is alleging independent federal claims — which he could not allege in the state court action — under Section 548 to avoid the foreclosure as a fraudulent transfer and the Takings Clause to show equity theft. Although the Section 548 claim and the Takings Clause claim are closely related to the state foreclosure judgment, that by itself does not mean that Rooker-Feldman applies. *214 Skinner v. Switzer, 562 U.S. 521, 532, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) (presenting independent claims that are similar to state court claims is not an impediment to federal jurisdiction). The court's consideration of the Section 548 and Takings Clause claims is not a review and rejection of the state court foreclosure judgment because the court can assume the state court reached a proper foreclosure judgment, but then independently decide whether the foreclosure could be avoided as a fraudulent transfer under Section 548 or as an impermissible taking under the Fifth Amendment and/or the New Jersey Constitution. See In re Philadelphia Ent. & Dev. Partners, 879 F.3d 492, 500-01 (3d Cir. 2018) (Rooker-Feldman does not apply to a fraudulent transfer action); In re Lowry, No. 20-1712, 2021 WL 6112972, at *3 (6th Cir. Dec. 27, 2021); In re Isaacs, 895 F.3d 904 (6th Cir. 2018) (Rooker- Feldman does not apply to causes of action brought under Code Section 544); In re Sasson, 424 F.3d 864, 871 (9th Cir. 2005) (Rooker-Feldman does not bar the exercise of federal bankruptcy power and bankruptcy courts may avoid state judgments in core bankruptcy proceedings, under Sections 544, 547, 548, 549, may modify judgments under 11 U.S.C. §§ 1129, 1325, and, may discharge judgments under 11 U.S.C. §§ 727, 1141, 1328).

**A. Breach of Fiduciary Duty**

Under 11 U.S.C. §§ 704 and 1106, a Trustee must act in the best interest of the estate.

1. The Trustee overstepped his authority by making an agreement with Mitfcu before the Superior Court case #24477CV00371D between Suzanne Eser and Mitfcu, ruled on Eser's claims of serious violations of pre-foreclosure, foreclosure and post-forclosure violations of law which makes the foreclosure "Null and Void" and failure to strictly comply with "the Power of Sale" provisions in the mortgage, which also renders a foreclosure sale void and voids the subsequent title transfer from which the Judges order allows the trustee to acquire the surplus proceeds from.

2. The trustee's actions harm the value of Eser's estate, which it is his duty to protect and investigate but instead he is mismanaging the estate and it's asset (the estate property) and his actions constitute intentional and deliberate violation of his duties to the estate and a gross negligent breach of fiduciary duty and misconduct.

3. The trustee ignored Eser's homestead exemption under M.G.L. c. 188, § 2, which protects the estate property, as long as there is not a title transfer, which there was no legal title transferred but a "null and void" attempted transfer by Mitfcu.

4. Case law supports that a trustee can be liable for breaching fiduciary duty:
   - *Mosser v. Darrow*, 341 U.S. 267 (1951) (trustee can be personally liable for breaching duty).
   - *In re Gorski*, 766 F.3d 373 (3d Cir. 2014) (trustee must act in estate's best interest).
   - *In re Haugen Const. Serv., Inc.*, 104 B.R. 233 (Bankr. D.N.D. 1989) (trustee liable for mismanaging assets).

By the Chapter 7 Bankruptcy trustee, Lassman, attempting to bypass the Superior Court Interpleader case between  Eser and the Credit Union without Eser being heard on her claims made against Mitfcu. Eser filed in three courts, two by filed Answer in Northeast Housing Appeals Court and Superior Court still pending and in Bankruptcy Court by filed motions; which claims have not yet been heard in either court by trial or evidenciary hearing and adjudicated on to date for serious violations of pre-foreclosure, foreclosure and post-forclosure law which makes the foreclosure "Null and Void" and failure to strictly comply with "the Power of Sale" provisions in the mortgage, also renders a foreclosure sale void and voids the subsequent title transfer from which the Trustee wishes to acquire the surplus proceeds from;

and by the Trustee negotiating and creating an agreement with Mitfcu to attempt to squash all adjudication of these violations, while attempting to take the funds from the a sale of that is "null and void" and pay creditors, including Larkin, who contracted with Eser for no payment per written 2019 agreement, until a "legal" transfer of title occurs and not before;

and by the Trustee deliberately ignoring serious statue violations and attempting to protect the Debt Collector from litigation, who has engaged in this agreement and come to the Superior Court with "Unclean Hands"; and additionally created this agreement secretly, with no prior transparency to the Bankruptcy Court, the Superior Court or Eser;

and by these clear intentions to ignore the law, by this written agreement made by him and the Debt Collector, the Trustee is harming the value of Eser's Estate, which it is his duty to protect and investigate but instead he is mismanaging the

estate and it's asset (the estate property) and his actions constitute intentional and deliberate violation of his duties to the estate and a gross negligent breach of fiduciary duty and misconduct.

## B. Misconduct by the Trustee

The Trustee disregarded legal violations in the foreclosure and denied Eser her right to be heard.

1. The "person selling" omitted two sections required for a foreclosure by sale by statute: M.G.L. c. 244, §§ 12 & 13:

   - Section 12 requires the seller to report all their "doings" under oath which may "knowingly or recklessly facilitate" an illegal foreclosure to the applicable Superior Court within 10 days after the sale.

   - Section 13 requires notifying all interested parties before a sale is confirmed or ordered for re-sale – that explicitly includes the owner of the right to redeem their title – namely Eser in this case.

   - See Memorandum as to the due process necessity of that Superior Court filing and homeowners like Eser's being heard just filed as an Amicus to the U.S. Supreme

2. The Trustee's agreement with Mitfcu violated M.G.L. c. 183, § 27, which requires surplus foreclosure funds to be returned to the owner within 60 days after closing.

3. The Trustee failed to notify Eser or the Court before engaging in negotiating and writing an agreement to accept funds from Mitfcu.

4. Case law supports that trustee misconduct warrants removal from the case:

   - *In re Lundborg*, 110 B.R. 106 (Bankr. D. Conn. 1990) (trustee removed for mismanaging assets).

- *In re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983) (trustee held liable for failing to protect estate).
- *In re Gorski*, 766 F.3d 373 (3d Cir. 2014) (trustee responsible for ensuring compliance with laws).

## C. Harm to the Estate

The Trustee's attempt to close the Superior Court case before Eser's claims were heard, hurt the estate by preventing potential recovery. By allowing an invalid foreclosure to proceed, the Trustee is reducing the estate's value.

## **FACTUAL ALLEGATIONS**

17.     Eser filed a petition under Chapter 7 of the Bankruptcy Code on or about May 20, 2024.

18.      Lassman, as the Chapter 7 Trustee, has a fiduciary duty and loyalty to act in the best interest of Eser's Bankruptcy Estate;

19.      Eser claims that the Trustee intentionally acted against the interests of the Estate and broke his fiduciary duty to act in the best interest of the Estate by violating 11 U.S.C. §704 and 11 U.S.C. §1106:

a. by the Trustee acting outside his official capacity by negotiating prior and creating an agreement with Mitfcu on December 10, 2024 and now attempting to convince the Court to improperly and illegally sweep all claims of illegal behavior of state law violations by Mitfcu under the rug and take the surplus from the Estate's Property illegal, purported auction sale, prior to any adjudication on the documented claims by Eser of numerous, serious violations committed by Mitfcu; which makes Mitfcu's actions of foreclosure "null and void" by law against the Property and Estate; and keeps the Estate's Property exemption by Declaration of

Homestead under MGL Chap. 188 Section 2,  intact and fully protects the Property against the Trustee's actions of harming the Estate's value.

b. by the Trustee creating an agreement on December 10, 2024 after negotiations with the Debt Collector, Mitfcu, agreeing that the Trustee take funds from Mitfcu's illegal purported auction sale that occurred on April 14, 2023; after Mitfcu takes funds that they have no proof of claim for, as they have no proof of chain of title from an original wet promissory note; and agreed to give additional funds to Mitfcu if claimed by filing a statement for additional expenses in which the first statement of detailed itemized fees, expenses and receipts was never given to Eser at any time by the Debt Collector to date to warrant any payment; nevertheless from a null and void foreclosure auction from Mitfcu violating state foreclosure laws stated herein; upon which these transactions are made further void by Mitfcu violating post-foreclosure statues stated herein; all agreed to prior to notifying Eser or the Court of the Trustee's premeditated actions of creating an agreement with the Debt Collector behind the eyes of the Court, while full knowing these state statues have been violated by the Debt Collector, thus the Trustee is attempting fraud on the Court and on the Eser Estate;

c.  by agreeing to take funds from an illegal purported auction sale that occurred on April 14, 2023, that was made void by not having proper chain of title for their Proof of Claim as Mitfcu has never produced the original wet ink promissory note, as noted in **Eaton v. Federal Nat'l Mortg. Ass'n, 462 Mass. 569 (2012) the foreclosing entity must hold the mortgage note at the time of the foreclosure sale**;

 and the Mitfcu violating Massachusetts law MGL Chap. 244, §§ 12 & 13:

*Section 12. **"The person selling shall, within ten days after the sale, file in the clerk's office a report on oath of the sale and of his doings, and the court may confirm the sale or set it aside and order a re-sale. Any person interested may appear or be summoned, and the order of the court confirming the sale shall be conclusive evidence against all persons that the power of sale was duly executed."***

*Section 13. **"**Unless the defendant is seized in fee simple in possession of the whole equity of redemption of the land demanded, **an order for a sale shall not be made until all parties interested in the equity of redemption and whose estate or interest therein would be affected by such sale have been summoned to appear. "(bold added)***

which both statues are specifically written by legislators to protect all parties in a

nonjudicial sale by allowing their defenses and claims to be heard;

and MGL c183 §27:

*Section 27. "The holder of a mortgage of real estate, or his representatives, out of the money arising from a sale under the power of sale shall be entitled to retain all sums then secured by the mortgage, whether then or thereafter payable, including all costs, charges or expenses incurred or sustained by him or them by reason of any default in the performance or observance of the condition of the mortgage or of any prior mortgage, rendering the surplus, if any, to the mortgagor, or his heirs, successors or assigns, unless otherwise stated in the mortgage. No person other than the holder of the mortgage shall be bound to see to the application of the money arising from such sale.*

*The holder of a mortgage of real estate, or the holder's representatives, **shall provide to the mortgagor or the mortgagor's heirs, successors or assigns a written notice containing an itemized accounting of the disposition of the proceeds arising from a sale under the power of sale including, but not limited to, the sale price, legal fees, auctioneer fees, publication costs and other fees, and any surplus due to the mortgagor, within 60 days after the receipt of such funds provided,** that if such sale is subject to further legal proceedings, such accounting shall be stayed until the conclusion of such proceedings."(bold added)*

which Mitfcu did not adhere to, besides other numerous due process violations of

law stated herein, that the Trustee and the Court were informed of by the Debtor

that were never given an evidentiary hearing or trail on and those claims of

violations continue to be ignored by the Trustee by his writing and motioning this

Court to allow this illegal agreement;

d. by agreeing to bypass the Inter-pleader Superior Court action between Eser and

Mitfcu by creating an agreement with Mitfcu to do so, prior to Eser being heard in

her claims of a fraudulent conveyance of title, a "Null and Void" title and transfer,

violations of due process law, violations of post foreclosure statutes  MGL Chap.

244, §§ 12 & 13 and MGL Chap. 183 §27, which Eser filed in Answer in the

Superior Court case with Mitfcu and in Northeast Housing Court with the third

party buyer;

and by doing so and ignoring these violations, the Judge erred in her order

allowing the Trustee to harm the value of the Estate and his actions constitute a

breach of fiduciary duty and misconduct.

## CONCLUSIONs

In conclusion, the Appellant has a meritorious and color-able claim

for appeal with a substantial questions of violation of law to be addressed

by this Honorable Court, that relief can be granted, brought in good faith

by the Appellant to seek justice in her rights of protection of her estate and

it's assets, that have so far been denied her.

Eser re-alleges and incorporates by reference all preceding

paragraphs.

The Judge has a duty to uphold Massachusetts real property law, the

Foreclosure By Sale States and over seeing the Trustee's fiduciary duty to act in

the best interest of the bankruptcy estate. By attempting to bypass the Superior

Court case before the claims of a "Null and Void" Foreclosure and void title

transferred and take the surplus proceeds from that void transaction; and by

knowingly with full prior knowledge, negotiated and created a harmful illegal

agreement against the estate, the Judge is allowing the Trustee's actions to

constitute intentional and deliberate violation of his duties to the estate and a

gross negligent breach of fiduciary duty and misconduct.

Eser re-alleges and incorporates by reference all preceding paragraphs. The Trustee engaged in misconduct by violating the Eser's rights under MGL c. 244, §§ 12 & 13, MGL c183 §27, MGL c188 s21 and the " Power of Sale" violations and numerous due process violations, listed in Answer in the Superior Court actio against the Credit Union and Eser's right to preserve the estate's value; therefore causing immense harm to her estate.

**CLAIMS FOR RELIEF**

WHEREFORE, Eser respectfully requests that this Honorable Court enter:

1. an order reversing the Bankruptcy Judge's order on the trustee's Settlement Agreement;

2. an order granting a trial to proceed in the Superior Court interlockatory case to determine title and adjudicate all claims for both parties; prior to proceeding in the bankruptcy case's dispersment of the estate assets;

3. An order of removal of the trustee from Eser's bankruptcy case for breach of his fiduciary duties to protect the estate assets.

4. An order to stay all actions in the bankruptcy court case until the Superior Court hears the current claims before them and adjudicates on matter of title of the estate Property.

5. Or an order to dismiss the bankruptcy case for breach of fiduciary duty to protect the estate assets?

6. An order to refund the filing fee of $289.00 of this appeal to the Appellant as the judge erred and the Appellant has brought this case in good faith with a mertorius claim without res judicata being relevant under forma pauperis and wherein she applied timely.

**7.** Any other relief the Court deems just and proper.

Respectfully Submitted,

by: /s/suzanne eser
Suzanne Eser
Appellant, Pro Se
c/o 21 Broad Street
Merrimac, MA 01860
(802) 829-0773
workemailonly@mail.com

Date: July 25, 2025

## **CERTIFICATE OF COMPLIANCE**

### **Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

This document complies with  the-volume limit of 12,373 word per Fed. R. Bankr. P.

by:/s/*suzanne eser*
 Suzanne Eser
 Pro Se,Defendant
 21 Broad Street
 Merrimac, MA 01860
 (802) 829-0773
 workemailonly@mail.com

Date: July 25, 2025

## CERTIFICATE OF SERVICE

I, Suzanne Eser, do hereby certify that a true and exact copy of the foregoing was served on this 25th day of July 2025 by email upon the following:

Donald Lassman, Trustee
Law Offices of Donald Lassman
P. O. Box 920385
Needham, MA 02492
Don@Lassmanlaw.com

Adam Ruttenberg
Beacon Law Group LLC
935 Great Plain Avenue, #116
Needham, MA 02492
aruttenberg@beaconlawgroup.com01

Robert Tenney
Cunningham, Machanic, Cetlin
Johnson, Harney & Tenny LLP
220 North Main Street, Suite 301
Natick, MA 01760
rtenny@cmlaw.net

Phil Taylor
Taylor Law Office
2 Main Street, Suite 325
Stoneham, MA 02180
ptaylor@taylorlawoffice.com

Chris Thornton
172 Main Street
P.O. Box 701
Rowley, MA 01969
chris@thorntonlawnorthshore.com

by:/s/suzanne eser
Suzanne Eser
Pro Se,Defendant
21 Broad Street
Merrimac, MA 01860
(802) 829-0773
workemailonly@mail.com

Date: July 25, 2025